IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID EARL HOLMAN                                                              PLAINTIFF

vs.                                                         CIVIL ACTION NO. 3:16CV67-RP

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff David Earl Holman, under 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security denying his applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on September 12, 2013 alleging disability beginning on July 31, 2012. His claim was denied initially on February 5, 2014, and upon reconsideration on March 11, 2014. He filed a request for hearing and was represented by counsel at the hearing held on October 16, 2014. The Administrative Law Judge (ALJ) issued an unfavorable decision on November 26, 2014, and on February 4, 2016 the Appeals Council denied plaintiff's request for a review. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Having considered the record, the briefs and the oral arguments of counsel on December 7, 2016, the court finds this case should be

remanded to the Social Security Administration.

## I. FACTS

Plaintiff was born on April 25, 1969 and was 45 years old at the time of the hearing. He has a high school education and has past relevant work as a laborer. Plaintiff contends that he became disabled before his application for benefits due to "PTSD, depression, anxiety, knee and hand pain, and muscle spasms." Docket 8 at 187. While this application for benefits was pending, plaintiff obtained a VA non-service related pension based upon a diagnosis of major depressive disorder on May 17, 2014. Docket 8 at 588-90.

The ALJ determined plaintiff suffered from "severe" impairments including depression, anxiety, muscle spasms, joint pain, ACL tear, osteoarthritis, and degenerative disc disease but found these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d) 416.925 and 416.926). Based upon testimony by the vocational expert [VE] at the hearing and considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the individual can perform detailed tasks; can concentrate for two hour periods; can have occasional contact with the general public and with coworkers; must avoid extreme cold, works best independently; cannot work in crowds of 10 people or more in the immediate workspace; and pushing and pulling is limited to 10 pounds with the lower left extremity.

Docket 8 at 14. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects he claimed due to his symptoms were "not entirely credible." After evaluating all of the evidence in the record, including testimony of a VE, the opinions of two state agency medical consultants

2

and plaintiff's records from the VA, the ALJ held that plaintiff could perform jobs that exist in the national economy such as an order clerk and information clerk. Docket 8 at 18. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff contends first that the ALJ erred because he failed to properly weigh the opinions of non-examining physicians, on one hand, and the plaintiff's VA disability rating decision based upon an examination, on the other hand. At oral argument before this court plaintiff argued the ALJ should have required that the records upon which the VA disability rating decision was based, specifically the March 17, 2014 VA Rating Decision and the January 13, 2014 VA Examination, be included in the record for review. This court agrees and concludes the ALJ's decision was not based upon substantial evidence because he did not have relevant and material VA records to review. Because this matter is remanded for review and consideration of additional evidence, the court will not address plaintiff's second argument challenging the ALJ's evaluation of all the evidence of record.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

4

*Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Of primary concern to the court in this case is the ALJ's allocation of "little weight" to the VA's disability finding. Docket 8, p. 21. This is contrary to Fifth Circuit precedent holding that a VA disability rating, while not binding in social security disability proceedings, constitutes evidence "entitled to great weight." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (1981); *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir.

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

1980).

The ALJ's primary explanation for giving little weight to the VA disability rating is that "[n]othing in the medical evidence of record in Exhibit B7F or Exhibit B8F offers substantial basis for that opinion." Docket 8 at 21. However, those exhibits do not contain the medical evidence upon which the VA's opinion was based. Rather, the exhibits consist of the VA's May 17, 2014 decision awarding the plaintiff disability benefits and the accompanying VA correspondence to plaintiff notifying him of the decision and explaining his benefits. Docket 8 at 691-98. In fact, it appears the record in this matter does not include the evidence upon which the VA expressly relied in reaching its decision. Of particular relevance, it would seem, but omitted from the record are the March 17, 2014 VA rating decision and the January 13, 2014 VA medical examination, both of which items are listed as evidence upon which the May 17, 2014 VA disability decision is based. Docket 8 at 693. The court fails to see how the ALJ could reach an informed decision as to the weight to be given the VA disability rating – let alone give it little weight in contravention of Fifth Circuit directives – without the benefit of the medical evidence upon which the disability rating was based.

It is well established that an ALJ has a duty to develop the record fully and fairly and to ensure that his decision is an informed one based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). When the ALJ fails in that duty and does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). Reversible error will be found only when the ALJ's failure to fully develop the record prejudices the claimant. *Castillo v. Barnhart*, 325 F.3d 250, 351 (5th Cir. 2003). In order to establish prejudice, "a claimant must

6

show that he 'could and would have adduced evidence that might have altered the result.'"
*Brock*, 84 F.3d at 728.

In this case, the ALJ had before him a VA decision awarding the plaintiff benefits based upon a finding the plaintiff is disabled "due to major depressive disorder,"[11] one of the conditions which the plaintiff contends render him disabled in this matter. Although the VA decision itemized the records, including the medical examination and rating decision, upon which the decision was based, the ALJ did not have those records before him. In keeping with his duty to develop the record fully and fairly and to ensure that his decision is an informed one based on sufficient facts, and rather than give little weight to the VA disability rating out of hand in contravention of Fifth Circuit directives, the ALJ should have requested copies of the evidence upon which the VA expressly relied in reaching its decision.[12] This missing evidence was relevant, probative, and surely available upon request. Although plaintiff made no proffer of such evidence to this court as he should properly have done, there is at least a plausible assumption the evidence tends to support the VA's disability rating and might have altered the ALJ's decision. *See Kane v, Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (excusing counsel's failure to proffer omitted evidence to district court where plausible basis existed to believe what evidence would have shown had ALJ made proper inquiry).

Because the ALJ did not fully and fairly develop the record and did not have before him

---

[11] Docket 8 at 693.

[12] The ALJ may stop the hearing temporarily and continue it at a later date if he or she believes there is material evidence missing at the hearing, and the ALJ may also reopen the hearing at any time before he or she mails a notice of decision in order to receive new and material evidence. 20 C.F.R. § 404.944.

7

sufficient facts on which to make an informed decision, the court finds his decision is not supported by substantial evidence. This matter is remanded for the ALJ to obtain and consider the evidence expressly relied upon by the VA in making its May 17, 2014 disability rating decision, including the March 17, 2014 VA rating decision and the January 13, 2014 VA medical examination.

## IV.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 5th day of January, 2017.

 /s/ Roy Percy<br>
UNITED STATES MAGISTRATE JUDGE